IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND PATRICK, )<br>on behalf of himself and all )<br>others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EASTERN SPECIALTY )<br>FINANCE, INC., )<br>d/b/a CHECK 'N GO, )<br>)<br>Defendant. ) | Civ. No. 13-1770-SLR |

**MEMORANDUM**

At Wilmington this 22th day of July, 2014, having reviewed defendant Eastern Specialty Finance's ("defendant") motion to dismiss for failure to state a claim (D.I. 5), as well as the papers submitted in connection therewith; the court issues its decision based on the following analysis:

1. **Background.** On October 29, 2013, Raymond Patrick ("plaintiff") filed a complaint alleging breach of duty of fair dealing and violation of the Delaware Consumer Fraud Act (6 Del. C. § 2513) by defendant. (D.I. 1) Plaintiff borrowed $1,260 from the defendant on September 6, 2013. (D.I. 11 at 2) The parties agreed to the loan by signing a 3-page Installment Loan Agreement ("ILA"). *Id.* The ILA disclosed (1) the amount plaintiff was borrowing, (2) the interest plaintiff would have to pay, (3) the total amount plaintiff would pay pursuant to the schedule of payments, and

(4) the annual percentage rate. (D.I 6 at 3-4) Plaintiff's complaint alleges that he did not fully understand the financial or legal terms of the ILA and that he had no knowledge of his legal rights or statutory obligations. (D.I. 11 at 2)

2. On November 27, 2013, defendant filed a motion to dismiss for failure to state a claim. (D.I. 5) On the same day, defendant filed a motion to strike class allegations. (D.I. 7) The court has jurisdiction over t matter pursuant to 28 U.S.C. §1332(d)(2).

3. **Standard of Review**. A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them

in the light most favorable to the plaintiff. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

4. The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

5. **Analysis**. Plaintiff alleges that defendant breached an implied duty of fair dealing. (D.I. 1 at ¶ 55) However, an implied duty of fair dealing is "not a free-floating duty unattached to the underlying legal documents." *Gerber v. Enter. Products Holdings, LLC*, 67 A.3d 400, 418-19 (Del. 2013), *overruled on other grounds by Winshall v. Viacom Int'l, Inc.*, 76 A.3d 808 (Del. 2013) (holding that a claim under the implied covenant was supported in that case because the claim was attached to the

3

defendant's underlying fiduciary duty to his financial stake holders). Fair dealing "is rather a commitment to deal 'fairly' in the sense of consistently **with the terms of the parties' agreement and its purpose.**" *Gerber* at 418-19 (emphasis added). Delaware law permits licensed lenders to charge any rate agreed to by the parties and provided for in the loan agreement. *See* 5 Del. C. § 2229 ("A licensee may charge and collect interest in respect of a loan at such daily, weekly, monthly, annual or other periodic percentage rate or rates as the agreement governing the loan provides or as established in the manner provided in such agreement . . . .").

6. Regarding the implied duty of fair dealing, a decision from this district in *Kyle v. Apollomax, LLC*, Civ. No. 12-152-RGA, 2013 WL 5913693 (D. Del. Nov. 1, 2013), contains the following explanation:

> Applying the implied covenant is a "cautious enterprise" where the Court infers contractual terms to span gaps in a contract that the moving party pleads were not anticipated by either party. . . . It follows that "[g]eneral allegations of bad faith conduct are not sufficient. Rather, the plaintiff must allege a specific implied contractual obligation and allege how the violation of that obligation denied the plaintiff the fruits of the contract." Arbitrary or unreasonable conduct frustrating the "fruits of the bargain that the asserting party reasonably expected" is a prerequisite for the Court to rely on the implied covenant. Given this narrow purpose, it should come as no surprise that the implied covenant "is only rarely invoked successfully."

*Id.* at *6 (citing *Nemec v. Shrader*, 991 A.2d 1120, 1125-26 (Del. 2010); *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 441 (Del. 2005) (noting that "[e]xisting contract terms control . . . such that [the implied covenant] cannot be used to circumvent the parties' bargain"); *Kuroda v SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009)). Plaintiff at bar simply alleges that defendant is "engaged in

unconscionable acts" and that defendant's business model "is to prey on poor and unsophisticated borrowers" causing them to become entrapped in ongoing cycles of debt. (D.I. 11 at 1) Plaintiff has provided the court with independent and government agencies' evaluations of the overall "payday" loan industry. *(See generally,* D.I. 11) However, plaintiff's claim here fails because plaintiff does not identify a specific implied contractual obligation. This dispute falls outside the narrow purpose of the implied duty of fair dealing that prohibits arbitrary or unreasonable conduct frustrating the fruits of the bargain.

7. Plaintiff also alleges that defendant violated the Delaware Consumer Fraud Act ("DCFA") by actions that constitute an aspect of fraud, deceit, or misrepresentation. See 6 Del. C. § 2513; (D.I. 11 at 10-11) The claims under the DCFA must be pled with the heightened pleading standard of particularity under Federal Rule of Civil Procedure 9(b). *See Coleman Dupont Homsey v. Vigilant Ins. Co.,* 496 F. Supp. 2d 433, 439 (D. Del. 2007) (holding that Rule 9(b) applies to private causes of action under the DCFA). While plaintiff attacks defendant's business model and practices generally, plaintiff fails to show that defendant "misrepresented or lied by omission regarding a material fact in a communication directed to [p]laintiffs . . . ." *Bromwhich v Hanby,* 2010 WL 8250796, at *7 (Del. Super. July 1, 2010) (emphasis omitted).

**8. Conclusion.** For the foregoing reasons, the court grants defendant's motion to dismiss.[1]  (D.I. 5)  An appropriate order shall issue.

                                                    _____
                                                    United States District Judge

---

[1] The court denies defendant's motion to strike class allegations without prejudice to renew should plaintiff file an amended complaint.  (D.I. 7)