IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND PATRICK,<br>on behalf of himself and all others<br>similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EASTERN SPECIALTY FINANCE,<br>INC., d/b/a CHECK 'N GO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civ. No. 13-1770-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

At Wilmington this 24th day of February, 2015, having reviewed defendant Eastern Specialty Finance's ("defendant") motion to dismiss the amended complaint for failure to state a claim (D.I. 21), and the papers filed in connection therewith; the court issues its decision based on the following reasoning:

1. **Background.** On October 29, 2013, Raymond Patrick ("plaintiff") filed a complaint alleging a breach of the duty of fair dealing and a violation of the Delaware Consumer Fraud Act ("DCFA") (6 Del. C. § 2513) by defendant. (D.I. 1) On July 22, 2014, the court granted defendant's motion to dismiss on the issue of the implied duty of fair dealing (with prejudice), and with respect to plaintiff's allegations under the DCFA (with leave to amend). (D.I. 17; D.I. 18)[1] On August 25, 2014, plaintiff filed an amended complaint realleging a violation of the DCFA on the following facts. (D.I. 20)

---

[1] The court also denied defendant's motion to strike the class allegations without prejudice to renew should plaintiff file an amended complaint.

Plaintiff borrowed $1,260 from the defendant on September 6, 2013. (D.I. 20 at ¶¶ 3, 37, 38) The parties agreed to the loan by signing a 3-page Installment Loan Agreement ("ILA"). (*Id.* at ¶ 38) Plaintiff realleges that he did not fully understand the financial or legal terms of the ILA and that he had no knowledge of his legal rights or statutory obligations. (*Id.*) The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(d)(2).

2. **Standard.** A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536

2

U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

3. The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

4. **Analysis.** Claims under the DCFA must be pled with the heightened pleading standard of particularity under Federal Rule of Civil Procedure 9(b). *See Coleman Dupont Homsey v. Vigilant Ins. Co.*, 496 F. Supp. 2d 433, 439 (D. Del. 2007) (holding that Rule 9(b) applies to private causes of action under the DCFA). The court previously concluded that, while plaintiff attacks defendant's business model and practices generally, plaintiff fails to show a violation of the DCFA, i.e., that defendant "misrepresented or lied by omission regarding a material fact in a communication directed to [p]laintiffs . . . ." *Bromwhich v Hanby*, 2010 WL 8250796, at *7 (Del. Super. July 1, 2010) (emphasis omitted).

3

5. Turning to the amended complaint and accepting all well-pleaded factual allegations in such complaint as true, plaintiff has alleged that defendant's practices and the ILA are "unconscionable" and "[d]efendant advertised and marketed these loans as a 'short term solution and not as a source of ongoing help' and 'a good alternative to . . . credit card debt.'" (D.I. 20 at ¶ 59) Plaintiff does not dispute that the ILA disclosed on the first page and in a larger font size: (1) the amount plaintiff was borrowing; (2) the interest plaintiff would have to pay; (3) the total amount plaintiff would pay pursuant to the schedule of payments; and (4) the annual percentage rate. (D.I. 1, ex. D) Moreover, plaintiff has added no factual averments to show a misrepresentation or omission regarding a material fact made directly to him. Instead, plaintiff again generally alleges that defendant is "engaged in unconscionable acts" and that defendant's business model "is to prey on poor and unsophisticated borrowers" causing them to become entrapped in ongoing cycles of debt. (D.I. 20 at ¶¶ 2, 59) Plaintiff has also provided the court with independent and government agencies' evaluations of the overall "payday" loan industry. (*See generally*, D.I. 26) Plaintiff's references to defendant's marketing (for which citations are not provided) are apparently taken piecemeal from defendant's frequently asked questions posted on its website. (D.I. 29 at 5-6) Such references are not properly construed as contained in a communication "directed to plaintiff."

6. Injunctive relief "is a remedy, not a cause of action." *Birdman v. Office of the Governor*, 677 F.3d 167, 172 (3d Cir. 2012) (upholding district court decision to reject injunction because plaintiffs had asserted no cause of action in the underlying case).

4

Without an underlying cause of action, the court does not further consider plaintiff's request for an injunction.

7. **Conclusion.** For the aforementioned reasons, defendant's motion to dismiss (D.I. 21) is granted.[2]

                                                                                                                           United States District Judge

---

[2] Defendant's renewed motion to strike class allegations (D.I. 23) is denied as moot.